UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

QUINCY WASHINGTON                    CIVIL ACTION NO. 15-cv-2869

VERSUS                               JUDGE FOOTE

GARY LOFTIN, ET AL                   MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

This is one of 38 prisoner complaints that invokes the Reprieve Australia "Blackstrikes" report and seeks broad injunctive relief against current jury selection procedures in Caddo Parish, plus production of voluminous documents. The court has ruled in one of the cases that the claims lack merit. For the reasons that follow, it is recommended that this case also be dismissed.

**State Court Conviction**

Quincy "Lil Boo" Washington ("Plaintiff") had a conversation with a man that ended with Plaintiff shooting the man six times. One of the bullets severed the man's spinal cord in his he neck and would have, alone, been fatal. Witnesses said the men had been arguing before the shooting. Plaintiff claimed the victim had been smoking crack, threatening to rape Plaintiff, and had tried to attack Plaintiff with a box cutter. One witness did testify that the victim was yelling that he would rape Plaintiff, but another said the men were talking in a friendly manner. There was no evidence of a box cutter at the scene, and the coroner testified

that the victim had no cocaine in his system. Two witnesses testified that Plaintiff fired multiple shots at the victim after the victim was on the ground.

Plaintiff asserted self-defense, but a Caddo Parish jury convicted him of second-degree murder. His convictions and sentences were affirmed on direct appeal. State v. Washington, 716 So.2d 936 (La. App. 2d Cir. 1998), writ denied, 734 So.2d 1229 (La. 1999). Petitioner also pursued post-conviction applications in state court, followed by a federal habeas corpus petition that was denied on the merits. Washington v. Cain, 2006 WL 3412321 (W.D. La. 2006). It does not appear that Plaintiff pursued a Batson claim in those proceedings.

**The Federal Proceedings**

Reprieve Australia, a civil rights organization, released its "Blackstrikes" report in August 2015. It reviewed the use of peremptory challenges in Caddo Parish between 2003 and 2012 and suggested that Caddo Parish prosecutors during that time were more than three times as likely to strike black as non-black prospective jurors.

Plaintiff, joined by 12 other prisoners, filed a "Motion for Preliminary Injunction and Protection Order Over All Records." The motion cites the report and asks for a preliminary injunction that orders the Caddo Parish Clerk of Court and District Attorney to provide all records related to jury selection, orders the defendants to stop purposefully excluding prospective black jurors on the basis of race, and orders a stop to an alleged racial coding system.

The court found that the several plaintiffs could not properly join in one action, so a separate civil action was opened for each of the prisoner/plaintiffs. Several other prisoners soon filed virtually identical motions, for a total of 38 such motions under separate case numbers. All of those cases were assigned to the same judge and magistrate judge for the sake of consistency and efficiency.

**Recommendation**

The undersigned reviewed the claims in detail in a Report and Recommendation in the lead case, <u>Wilbert Robertson v. Loftin</u>, 15-cv-2678. The Report and Recommendation noted that the movants had disavowed any request for habeas relief, and there was no viable basis for a claim under 42 U.S.C. § 1983. It explained that there was no actual case or controversy that would allow the prisoners to invoke the jurisdiction of the court to seek injunctive relief. Finally, it explained why there was no basis to seek a writ of mandamus to state court officials that directs them to provide the prisoners with transcripts of their trial proceedings or other records.

Judge Foote adopted that recommendation and entered a final judgment that denied the request for injunction and dismissed the civil action without prejudice. <u>Robertson v. Loftin</u>, 2016 WL 3919718 (W. D. La. 2016), recommendation adopted, 2016 WL 3920425 (W.D. La. 2016). A copy of the Report and Recommendation and the Judgment from the <u>Robertson</u> case are attached.

The clerk of court originally designated this case as a habeas corpus proceeding. Plaintiff then filed a motion to correct what he said was a clerical error in that regard. The court issued an order (Doc. 6) that granted Plaintiff's request to treat the case as an ordinary civil action rather than a habeas corpus petition. The court explained that if Plaintiff wished to go forward with the case, he would have to pay the $400 filing fee or file an application to proceed in forma pauperis. The court noted that if Plaintiff were granted pauper status, a $350 filing fee (prisoner paupers do not pay a $50 administrative fee) would be deducted from his inmate trust account as funds become available. Plaintiff was advised of the court's ruling in Robertson and given the opportunity to avoid paying the filing fee by voluntarily dismissing this action.

At least one fellow prisoner in similar circumstances has moved for voluntary dismissal of his case rather than incur the expense of the filing fee, but Plaintiff responded with a motion for leave to proceed in forma pauperis. That motion has been granted, and Plaintiff is now responsible for the entire $350 filing fee. Unfortunately, his money will be wasted because there is no legal distinction between this case and Robertson, so denial of all relief is warranted in this case. There is simply no legal basis for any of the sweeping injunctive relief that Plaintiff seeks.

Accordingly,

IT IS RECOMMENDED that Plaintiff's **Motion for Preliminary Injunction and Protection Order Over All Records (Doc. 1)** be **denied** and that this action be **dismissed without prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of August, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge